UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:14CV-00611-JHM**

**LESLIE JOHNSON**                                                                                              **PLAINTIFF**

**VS.**

**UNITED STATES, ET AL.**                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, United States, to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [DN 9]. Fully briefed, this matter is ripe for decision.

**I. STANDARD OF REVIEW**

**A. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg.

Products, Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Fed. R. Civ. P. 12(b)(6)

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint [] states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against these standards the Court reviews the following facts.

## II. BACKGROUND

This case arises from a motor vehicle accident that occurred on May 18, 2012, in Jefferson County, Kentucky. Plaintiff alleges that she was riding as a passenger in a motor vehicle driven by Eric Claggett, a sergeant in the United States Army Reserves, who negligently struck another vehicle resulting in injuries to Plaintiff. Both Plaintiff and Claggett attended

2

Active Duty Training School ("ADTS") for 13 days beginning on May 6, 2012, at the Army Reserve Training Center ("ARRTC") at Fort Knox. Kentucky. Friday, May 18, 2012, was the last day of the course at Fort Knox. After the course ended, Claggett offered a ride in his rental vehicle to the Louisville International Airport to three of his fellow students, Eddie Buchanan, Darrell Worrell, and Leslie Johnson. These students were either military reservists or civilian employees on orders. At the time of the accident, Plaintiff was traveling to the airport with Claggett in order to return to her home.

On May 14, 2014, Plaintiff filed suit in the Jefferson Circuit Court against Claggett in his individual capacity for negligence; USAA Casualty Insurance Company, Enterprise Rent-A-Car Company of Kentucky, LLC, and/or EAN Holdings, LLC, for recovery of no-fault benefits; and State Farm Mutual Automobile Insurance Company for recovery of uninsured motorist coverage. Plaintiff did not initially file a claim against the United States under the Federal Torts Claim Act, but sued Eric Claggett in his individual capacity for negligence.

On September 4, 2014, the United States removed this action to federal court stating that at the time of the accident Claggett was acting within the scope of his employment with the United States Department of the Army and that the Federal Tort Claims Act is the exclusive remedy against the United States and its agents. The United States then filed a Notice of Substitution to substitute the United States, rather than the individual employee, as the defendant under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 ("the Westfall Act"). The United States now moves to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) arguing that the Court lacks jurisdiction over Plaintiff's claims because (1) the claims are barred by the <u>Feres</u> Doctrine and (2) Plaintiff failed to exhaust her administrative remedies.

### III. DISCUSSION

In <u>Feres v. United States</u>, 340 U.S. 135 (1950), the United States Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." <u>Id</u>. at 146. Because "'the relationship of military personnel to the Government has been governed exclusively by federal law,' the Court did not 'think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence.'" <u>Bowers v. Wynne</u>, 615 F.3d 455, 458 (6th Cir. 2010)(quoting <u>Feres</u>, 340 U.S. at 146). The <u>Feres</u> doctrine applies to claims of negligence, constitutional violations, and intentional torts. <u>Hiles v. Army Review Bd. Agency</u>, 2013 WL 1196594, *7 (S.D. Ohio March 25, 2013)(citing <u>Mackey v. U.S.</u>, 226 F.3d 773, 775–776 (6th Cir. 2000)). It is premised on three underlying rationales: "'(1) the distinctively federal character of the relationship between the government and members of its armed forces; (2) the existence of generous statutory disability and death benefits; and (3) the impact of allowing lawsuits, which would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness.'" <u>Id</u>.

In determining whether injuries were incurred "incident to service," courts consider numerous factors, including whether the injury arose while the service member was on active duty, location of the accident, the nature of the activity, whether the service member was participating in a benefit or activity conferred as a result of military service at the time of the injury, and whether the service member was subject to military control or discipline. <u>See</u>, e.g., <u>Kohn v. United States</u>, 680 F.2d 922, 925 (2d Cir. 1982) (an injury to a service member on base or off base but while engaged in a military duty is incident to service); <u>Boggs-Wilkerson v. United States</u>, 2011 WL 2970895, *4 (E.D. Va. 2011) (claim barred where active duty soldier

was injured off-post on her way to report for duty by another active duty soldier carrying out military orders); Stewart v. United States, 90 F.3d 102, 104 (4th Cir. 1996)(claim barred where active duty soldier, after having completed a mandatory physical training exercise, was injured in on-post automobile accident while returning to his on-post quarters to shower and change clothes before reporting to his next duty assignment).

In the present case, Plaintiff is assigned to the 81st Regional Support Command. Plaintiff was on active duty. Plaintiff received orders to attend ADTS for a 13 day period on May 6, 2012, at the ARRTC at Fort Knox, Kentucky. Her orders specifically provided that "upon the completion of the period of ADTS . . . you will return to the place where you entered ADTS and be relieved from such duty." Thus, Plaintiff's orders specifically required her to return to her residence of Jonesboro, Georgia, upon completion of her training. Further, because her travel was the subject of a military order, Plaintiff sought and received reimbursement for her travel expenses related to her temporary duty station at Fort Knox. Her military unit also authorized and funded her airfare related to the training.

Similarly, the record reflects that Claggett is an Army Reserve Soldier assigned to the 312th Psychological Operations Company in Maryland. Claggett received orders from his headquarters ordering him to ADTS beginning on May 6, 2012, at the ARRTC at Fort Knox, Kentucky. The orders specify that Claggett was to return to the place where he entered the ADTS to be "relieved from such duty." (Eric Claggett Decl. at ¶ 2.) Claggett entered ADTS duty from his home in Maryland, thus his orders covered him from Maryland to Maryland. The record further reflects that his military unit authorized and funded his airfare related to the training. Additionally, while the ARRTC provides transportation to and from the airport for its students, students may rent a vehicle for their time in Kentucky serving under orders at ADTS.

(Id. at ¶ 4.) Friday, May 18, 2012, was the last day of the course at Fort Knox. After the course ended, Claggett offered a ride in the rental vehicle to the Louisville International Airport to three of his fellow students, Eddie Buchanan, Darrell Worrell, and Leslie Johnson. These students were either military reservists or civilian employees on orders. The accident happened on the way to the airport in Louisville.

These facts reflect that Plaintiff was on active duty status, not on furlough, when she was injured by the alleged negligence of another member of the armed forces. Plaintiff's injuries occurred the last day of ADTS training that was held in Fort Knox, Kentucky. Her injuries occurred on the way to the Louisville International Airport following completion of her temporary duty at Fort Knox pursuant to her direct military orders to return to the place where she entered ADTS, Jonesboro, Georgia. As noted by the United States, her military pay and allowances took her portal to portal, so her work day did not end until she had returned to her home in Georgia. Her purpose for being in a vehicle in Kentucky was to fulfill her military obligations – namely, to return to Jonesboro, Georgia. For these reasons, the Court finds that Plaintiff's injuries were incurred incident to service and, therefore, pursuant to Feres v. United States, the Government is not liable under the Federal Tort Claims Act for her injuries.

## IV. CONCLUSION

For the reason set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, United States, to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) [DN 9] is **GRANTED**

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

March 26, 2015